# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

SCOTT FREEMAN,                              )
          Plaintiff,                    )
                            )
          v.                            )    CAUSE NO. 2:10-CV-89-PRC
                            )
PORTER COUNTY SHERIFF'S                     )
DEPARTMENT, ET AL.,                         )
          Defendants.                   )

## OPINION AND ORDER

This matter is before the Court on (1) a Motion of Defendants to Partially Dismiss Plaintiff's Complaint [DE 8], filed by Defendants Porter County, Indiana; David Lain, Porter County Sheriff; and John Widup, Warden of Porter County Jail on March 19, 2010, and (2) a Stipulation to Dismiss, filed by the parties on June 4, 2010.

Plaintiff filed his Complaint in this matter in the Porter Superior Court on January 27, 2010, against Porter County, Indiana; Porter County Sheriff's Department; David Lain, Porter County Sheriff; John J. Widup, Warden of the Porter County Jail; and Corporal Sandage, whose true Christian name is unknown. Plaintiff alleges that, in February 2008, while incarcerated at the Porter County Jail, an officer and employee of the Porter County Sheriff's Department ordered him to stand on the top bunk in the cell to clean a light fixture and that he lost his balance, fell, and suffered injury requiring medical treatment. The case was removed to this Court on February 22, 2010.

On March 19, 2010, Defendants Porter County, Indiana, David Lane, and John J. Widup filed the instant motion to dismiss, seeking dismissal of (1) all claims against Defendant Porter County, Indiana, as an improper defendant, (2) the claims against Defendants David Lain and John Widup in their official capacities as redundant with the claims against the Porter County Sheriff's Department, and (3) the claims against Defendants David Lain and John Widup in their individual

capacities because Plaintiff has not alleged any personal involvement of those defendants actionable under § 1983. Subsequently, on March 19, 2010, the Defendants filed an Answer.

On April 15, 2010, Plaintiff filed a motion seeking an extension of time to respond to the Motion to Dismiss, which the Court granted, allowing Plaintiff to June 4, 2010, to file a response.

No response brief was filed. Instead, the parties filed a Stipulation to Dismiss on June 4, 2010. In the Stipulation, the parties agree that the claims against David Lain and John Widup in their official capacities should be dismissed as redundant with the claims against the Porter County Sheriff's Department. The parties further agree that "the claims against David Lain and John J. Widup, in their individual capacities, shall be dismissed pending developments in discovery." However, the Stipulation does not address the requested dismissal of Defendant Porter County, Indiana.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

As an initial matter, the Court considers the Stipulation to Dismiss submitted by the parties. Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that the "plaintiff may dismiss an *action* without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Because the Stipulation to Dismiss submitted by the parties seeks to dismiss some but not all claims against Defendants Lane and Widup, the vehicle for dismissal under Rule 41(a)(1)(A)(ii) is inapplicable. *See* 8 Moore's Federal Practice § 41.21. Accordingly, the Court denies the Stipulation to Dismiss. Nevertheless, the Court considers the agreement of the parties contained therein in ruling on the pending Motion to Dismiss.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

First, the motion seeks dismissal of Defendants David Lain and John Widup in their official capacities because an official capacity claim against an individual defendant constitutes a claim against the governmental entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (holding that official capacity suits brought against individuals are "another way of pleading an action against an entity of which an officer is an agent"); *Walker v. Sheahan*, 526 F.3d 973, 977 (7th

3

Cir. 2008). In the Stipulation, Plaintiff agrees that these claims should be dismissed. Therefore, the Court dismisses the official capacity claims against Defendants David Lain and John Widup.

Next, the motion seeks dismissal of Defendants David Lain and John Widup in their individual capacities because the alleged constitutional violations did not occur at their direction or with their knowledge or consent. In the Stipulation, the parties agree that these claims may be dismissed pending developments in discovery. Accordingly, the Court denies without prejudice the motion to dismiss Defendants David Lain and John Widup in their individual capacities because it appears that the parties agree that some discovery needs to be conducted on these issues.

Finally, the motion seeks dismissal of Defendant Porter County, Indiana, as an improper defendant. The parties' Stipulation does not address this aspect of the Motion to Dismiss, and Plaintiff has not submitted a response in opposition to the motion or otherwise addressed this argument. Plaintiff's Complaint alleges that Defendants Porter County, Indiana, and Porter County Sheriff's Department breached their duty to staff the jail with officers and medical personnel who were properly trained to uphold the civil rights of its prisoners and pre-trial detainees and failed to reprimand or discipline officers and medical personnel for the incident involving Plaintiff. Defendant argues that Porter County, Indiana, is not responsible for the actions of the Porter County Sheriff's Department or its agents nor do they owe a duty of care to Plaintiff, who was allegedly injured while incarcerated in the county jail.

Porter County is not a proper defendant in this case because, under Indiana law, the county jail is administered and operated by the county sheriff. *See* Ind. Code § 36-2-13-5(a)(7); *Weatherholt v. Spencer County*, 639 N.E.2d 354, 356-57 (Ind. Ct. App. 1994); *see also Bailey v. Davis*, No. 1:09-CV-219; 2010 WL 1049928, at * 2 (N.D. Ind. Mar. 16, 2010); *Hodge v. County of Delaware*, No. 1:09-CV-519, 2009 WL 3415131, at * 3 n. 2 (S.D. Ind. Oct. 16, 2009); *Coulter v.*

*Freeman*, No. 2:08-CV-7, 2008 WL 1882812, at * 3 (N.D. Ind. Apr. 23, 2008). Although the county

has a duty to maintain its jail by keeping it open for use and in good repair, it is not responsible for

"administering the manner of an inmate's incarceration." *Weatherholt*, 639 N.E.2d at 356; *see also*

Ind. Code § 36-2-2-24. Moreover, "[i]t is well settled that Indiana Sheriffs are not subject to the

control or authority of the County Commissioners of the county in which they hold office." *Hupp*

*v. Hill*, 576 N.E.2d 1320, 1226 (Ind. Ct. App. 1991). There are no allegations in this case that Porter

County failed to maintain the jail, keep it open, or keep it in good repair. Accordingly, the Motion

to Dismiss Defendant Porter County, Indiana is granted.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the motion contained within the Stipulation to

Dismiss [DE 16], and **GRANTS in part and DENIES in part** the Motion of Defendants to Partially

Dismiss Plaintiff's Complaint [DE 8]. The Court **ORDERS** that (1) the Complaint against

Defendant Porter County, Indiana is **DISMISSED** and (2) the claims against Defendants David Lain

and John J. Widup in their official capacities only are **DISMISSED**. The claims against David Lain

and John Widup in their individual capacities, the Porter County Sheriff's Department, and Corporal

Sandage **REMAIN PENDING**.

So ORDERED this 30th day of June, 2010.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record